Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN Z.,<br><br>                       **Plaintiff,**<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                       **Defendant.** | Civil Action No.: 20-8988 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Plaintiff Susan Z. appeals the decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 1381, *et seq.* (*See* D.E. No. 1). For the reasons set forth below, the Court **VACATES** and **REMANDS** the decision of the Commissioner.

**I.     BACKGROUND**

In February 2019, Plaintiff filed an application for DIB. (D.E. No. 8, Administrative Record ("R.") at 148–49). She claimed disability as a result of several impairments, including lymphoma, chronic rhinitis, gastroesophageal reflux disease ("GERD"), and Langerhans histiocytosis. (*Id.* at 210). Her application was denied initially and on reconsideration. (*Id.* at 78–82 & 85–87). On January 30, 2020, an Administrative Law Judge ("ALJ") held a hearing, at which Plaintiff and a vocational expert testified. (*Id.* at 27–55).

On February 14, 2020, the ALJ held that Plaintiff was not disabled under the Act and denied her application for DIB. (*Id.* at 9–25). Specifically, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that significantly limited (or was expected to

significantly limit) Plaintiff's ability to perform basic work activities for twelve consecutive months. (*Id.* at 15). On May 18, 2020, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1–6 & 140–42). Plaintiff filed the instant appeal, which the court has subject matter jurisdiction to decide under 42 U.S.C. § 405(g). The Commissioner opposes. (D.E. No. 17 ("Opp.") at 8–16).

## II.   LEGAL STANDARD

### A.   Standard Governing Benefits

To receive DIB, a claimant must show that she is "disabled" within the meaning of the Act. 42 U.S.C. § 423(a). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Id.* § 423(d). The individual's physical or mental impairment, furthermore, must be "of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." *Id.* § 423(d)(2)(A).

"The Commissioner uses a five-step process when making disability determinations . . . ." *Dellapolla v. Comm'r of Soc. Sec.*, 662 F. App'x 158, 160 (3d Cir. 2016) (citing 20 C.F.R. §§ 404.1520 & 416.920)). "The claimant bears the burden of proof for steps one, two, and four," and "[t]he Commissioner bears the burden of proof for the last step." *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)). "Because step three involves a conclusive presumption based on the listings, no one bears that burden of proof." *Id.* at 263 n.2. If the determination at a particular step is dispositive of whether the claimant is or is not disabled, the inquiry ends. *See* 20 C.F.R. § 404.1520(a)(4).

*Step One*. First, the claimant must show that she has not engaged in any substantial gainful activity since the onset date of her severe impairment. 20 C.F.R. § 404.1520(a)(4)(i). If an individual engages in substantial gainful activity, she is not disabled under the Act, regardless of the severity of her impairment or other factors such as age, education, and work experience. 20 C.F.R. § 404.1520(b).

*Step Two*. Second, the claimant must show that her medically determinable impairments or a combination of impairments were "severe" as of the date last insured ("DLI"). 20 C.F.R. § 404.1520(a)(4)(ii). An "impairment or combination of impairments" is not "severe" unless it "significantly limits [the claimant's] physical or mental ability to do basic work activities." *See, e.g.*, *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (quoting 20 C.F.R. §§ 404.1520(c) & 416.920(c)).

*Step Three*. Third, the claimant may show, based on medical evidence, that as of the DLI, her impairments met or equaled an impairment listed in the Social Security Regulations' "Listings of Impairments" in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant makes such a showing, she is presumptively disabled and entitled to benefits. If she does not make the showing, she proceeds to step four.

*Step Four*. Fourth, the claimant must show that, as of the DLI, she lacked the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv); *see, e.g.*, *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999). If, as of the DLI, the claimant lacked the RFC to perform her past relevant work, the analysis proceeds. *See, e.g.*, *Plummer*, 186 F.3d at 429.

*Step Five*. Finally, the burden shifts to the Commissioner to show that there is a significant amount of other work in the national economy that the claimant can perform based on her age,

3

education, work experience, and RFC. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner finds that the claimant is able to perform jobs that exist in significant numbers in the national economy, the claimant is not entitled to benefits. *See id.*

### B.     Standard of Review

The Court exercises plenary review of the ALJ's application of the law and reviews factual findings for "substantial evidence." *See* 42 U.S.C. § 405(g); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Substantial evidence is more than a "mere scintilla" of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea*, 370 F.3d at 360.

Importantly, the Court is bound by the ALJ's findings of fact that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Where evidence in the record is susceptible to more than one rational interpretation, [the Court] must accept the Commissioner's conclusions." *Izzo v. Comm'r of Soc. Sec.*, 186 F. App'x 280, 284 (3d Cir. 2006). Thus, this Court is limited in its review because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). Finally, while failure to meet the substantial evidence standard normally warrants remand, such error is harmless where it "would have had no effect on the ALJ's decision." *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003).

**III.     THE ALJ'S DECISION**

The ALJ determined that Plaintiff was not disabled at step two of the aforementioned analysis. (R. at 15–19). Specifically, the ALJ determined that Plaintiff was not disabled because she did not have an impairment or combination of impairments that was severe. (*Id.* at 19). The ALJ stated that its decision was guided by the required two-step process in evaluating severity, first looking at whether any medically determinable impairment could be reasonably expected to produce the claimant's pain or other symptoms; and second, evaluating the intensity, persistence, or functionally limiting effects of the pain or other symptoms. (*Id.* at 15–16); *see Torres v. Comm'r of Soc. Sec.*, No. 15-6344, 2016 WL 5339724, at *3 (D.N.J. Sept. 23, 2016) (describing the two-step process for evaluating severity of symptoms); *see also* 20 C.F.R. §§ 404.1529(d)(1) & 416.929(d)(1) ("Your symptoms . . . are considered in making a determination as to whether your impairment or combination of impairment(s) is severe.").

The ALJ first determined that Plaintiff had the following medically determinable impairments: (i) low-grade lymphoma, (ii) major depressive disorder, (iii) generalized anxiety disorder, (iv) chronic rhinitis, (v) GERD, (vi) emphysema, and (vii) Langerhans histiocytosis. (R. at 15). The ALJ determined that "[Plaintiff]'s medically determinable impairments could reasonably be expected to produce the alleged symptoms." (*Id.* at 16). Specifically, the ALJ acknowledged Plaintiff's complaints of "respiratory limitations," including shortness of breath, fatigue, and difficulty breathing triggered by heat and humidity. (*Id.*). The ALJ also acknowledged Plaintiff's complaints of "mental limitations," including trouble concentrating, mood swings, and "bouts of sadness lasting ten minutes at a time." (*Id.*). Next, the ALJ determined that "[Plaintiff's] physical and mental impairments, considered singly and in combination, do not significantly limit [her] ability to perform basic work activities." (*Id.* at 19). In reaching this

5

decision, the ALJ relied in-part on diagnostic findings in the record which she treated as inconsistent with Plaintiff's alleged limitations. (*Id.* at 16–19).

First, the ALJ discussed reports that appear to relate to Plaintiff's low-grade lymphoma, noting that such reports show "a steady recovery after surgery and, at most, minimal limitations to work activity." (*Id.* at 16 (citing *id.* at 789 & 873)).[1] The ALJ noted that Plaintiff was cleared to return to work two weeks after her lymphoma surgery. (*Id.* at 17). The ALJ also relied on clinical reports, as well as the Plaintiff's own reports, that indicate she was "asymptomatic." (*Id.* at 16). The ALJ thus found that "the extent of these limitations [was] minimal" in connection with Plaintiff's low-grade lymphoma. (*Id.* at 17).

Second, the ALJ discussed reports that appear to relate to Plaintiff's major depressive disorder or generalized anxiety disorder in light of the four functional areas set out in the disability regulations for evaluating mental disorders under 20 CFR, Part 404, Subpart P, Appendix 1. (*Id.* at 18–19 (citing *id.* at 280 & 682)).[2] The ALJ noted, for example, one medical report that indicated Plaintiff "quickly felt better after taking prescribed medications." (*Id.* at 18 (citing *id.* at 637)). The ALJ also highlighted that "there are no psychiatric therapy records whatsoever, and the care reports show that medications successfully stabilized her mental condition." (*Id.* at 16). The ALJ thus found either mild or no limitations in connection with Plaintiff's major depressive disorder or generalized anxiety disorder. (*Id.* at 18–19).

Third, in considering Plaintiff's chronic rhinitis, the ALJ noted the assessment of physician Dr. Roy Carman, which indicated that the impairment was "stable and not active." (*Id.* at 17 (citing *id.* at 280)). Fourth, in considering Plaintiff's GERD, the ALJ noted Dr. Carman's assessment that

---

[1] The ALJ does not explicitly reference Plaintiff's low-grade lymphoma before discussing such reports, but vaguely refers to "a naturally concerning impairment." (*Id.* at 16).

[2] The ALJ does not explicitly reference Plaintiff's major depressive disorder or generalized anxiety disorder before discussing such reports, but vaguely refers to "psychiatric or mental functions." (*Id.* at 18).

her GERD was "controlled with medication." (*Id.* (citing *id.* at 280 & 289)). The ALJ further noted that Dr. Carman's assessment was consistent with that of Dr. Mark D. Widmann, who performed Plaintiff's lymphoma surgery, and the ALJ therefore found it persuasive. (*Id.*). The ALJ thus found "normal or near normal function in bodily systems relevant to work activity" in connection with Plaintiff's chronic rhinitis and GERD. (*Id.*).

Finally, the ALJ found the foregoing evidence consistent with the state agency experts' findings that Plaintiff's low-grade lymphoma, major depressive disorder, and generalized anxiety disorder were not severe. (*Id.* at 19 (citing *id.* at 60); *see also id.* at 70–72). On the other hand, the ALJ found the opinion evidence of physician Dr. Iris G. Udasin unpersuasive—specifically, two opinion letters indicating "that he strongly believed the claimant to be one hundred percent disabled." (*Id.* (citing *id.* at 274 & 310)). The ALJ explained her finding that Dr. Udasin's opinion was "inconsistent with the medical evidence of record," noting that the only reported encounter between Dr. Udasin and Plaintiff post-dated both letters, and Dr. Udasin's examination documented "normal examination findings," including "unlabored breathing and normal air entry." (*Id.* (citing *id.* at 876)). Similarly, the ALJ considered Plaintiff's admission that she smokes cigarettes daily as inconsistent with her alleged "respiratory limitations," noting that "[t]hough subjective elements of the record are not as influential as the more objective clinical notes, here these admissions are consistent with the preponderance of the evidence, and as such the admissions contribute to finding no work activity limitations that are more than minimal or that lasted twelve months." (*Id.* at 18).

Based on the foregoing, the ALJ concluded that Plaintiff's "physical and mental impairments, considered singly and in combination, do not significantly limit [her] ability to

perform basic work activities" and therefore she "[did] not have a severe impairment or combination of impairments." (*Id.* at 19).

## IV. DISCUSSION

Plaintiff challenges the ALJ's determination at step two, arguing that the ALJ erred in determining that she did not have a severe impairment or combination of impairments. (D.E. No. 16 ("Mov. Br.") at 9–10). Plaintiff further argues that the ALJ's decision is not harmless error because the step two denial changed the outcome of her case. (*Id.* at 11). The Commissioner opposes, arguing that substantial evidence supports the ALJ's decision. (Opp. at 8–16). For the reasons discussed below, the Court remands for a more thorough analysis of Plaintiff's medically determinable impairments—specifically emphysema and Langerhans histiocytosis—for purposes of meaningful review of the ALJ's decision.

Step two denials do not often reach the Court via the appeal process. No doubt that scarcity is attributable, in part, to the fact that "the burden placed on an applicant at step two is not an exacting one." *McCrea*, 370 F.3d at 360. "Although the regulatory language speaks in terms of 'severity,' the Commissioner has clarified that an applicant need only demonstrate something beyond 'a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'" *Id.* (quoting SSR 85–28). Any doubts as to whether this burden has been met are to be resolved in favor of the applicant. *Id.* In other words, "[t]he step[ ]two inquiry is a *de minimis* screening device to dispose of groundless claims." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003). Given "this limited function," a decision to deny benefits at step two should receive "close scrutiny." *McCrea*, 370 F.3d at 360. Nevertheless, a denial of benefits at step two does not warrant "a more stringent standard of

8

review"; here, as elsewhere, the Court must affirm the ALJ's decision if it is "supported by substantial evidence on the record as a whole." *Id.* at 360–61.

In arguing that the ALJ erred in the step two analysis, Plaintiff maintains that the ALJ's determination that her impairments are not severe is not supported by the evidence in the record, which, according to Plaintiff, is sufficient to establish severity. (Mov. Br. at 9–11). Specifically, Plaintiff argues that the ALJ (i) ignored certain evidence, and (ii) "minimize[d] the effects of [her] impairments." (*See id.* at 19–23). Plaintiff seeks a remand of this matter for the opportunity to submit additional evidence as to the severity of her medically determinable impairments, particularly with respect to emphysema and Langerhans histiocytosis. (*Id.* at 11 & 23–24). Plaintiff's challenge is best viewed as a challenge to the ALJ's fact finding.

To the extent Plaintiff invites the Court to reweigh the evidence that supports or negates a finding of disability, the Court must decline to do so. Under the substantial evidence standard, the Court cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. Nevertheless, based on some of the deficiencies asserted by Plaintiff (*see* Mov. Br. at 11), the Court concludes that such weighing does not sufficiently appear on the record, and the Court therefore cannot conduct a meaningful review of the ALJ's decision. *See, e.g., Burnett v. Commissioner of SSA*, 220 F.3d 112, 119 (3d Cir. 2000) ("[T]his Court requires the ALJ to set forth the reasons for his [or her] decision."); *see also Cotter v. Harris*, 642 F.2d 700, 704–05 (3d Cir. 1981) (noting that for purposes of judicial review, the ALJ's decision "should be accompanied by a clear and satisfactory explication of the basis on which it rests."); *Reilly v. Comm'r of Soc. Sec.*, No. 18-15988, 2020 WL 6797065, at *5 (D.N.J. Nov. 19, 2020) (remanding step two denial for further analysis where "the ALJ's rationale for concluding that this [medically determinable impairment] did not constitute a severe impairment is unstated"); *Ruberti v. Comm'r*

*of Soc. Sec.*, No. 16-8977, 2017 WL 6492017, at *8–9 (D.N.J. Dec. 19, 2017) (remanding partial step two denial for a more "careful[] evaluat[ion]" as to the severity of each impairment "so that a reviewing court can determine whether the reasons for rejection were improper"); *Rupard v. Astrue*, 627 F. Supp. 2d 590, 596 (E.D. Pa. 2009) (remanding step two denial where "the ALJ did not expressly consider Plaintiff's alleged hand impairment . . . especially considering the fact that the ALJ expressly determined that Plaintiff's [other impairments] are non-severe").

Here, although the ALJ considered Plaintiff's emphysema and Langerhans histiocytosis to be medically determinable impairments (*see* R. at 15), the rationale regarding each of these impairments *specifically* is unstated. Further, it is unclear what record evidence the ALJ weighed in determining that these particular impairments were not severe. Although the ALJ discusses "spirometry tests," the analysis does not explain any connection between these tests and Plaintiff's emphysema or Langerhans histiocytosis. (*See id.* at 17). Therefore, the basis for the ALJ's determination that these impairments were not severe is unclear. Moreover, it would be futile to analyze the ALJ's conclusions about Plaintiff's emphysema and Langerhans histiocytosis because those conditions must ultimately be considered in combination with the others. Without a more substantial discussion of the basis for the ALJ's decision, the Court cannot determine whether the decision is supported by substantial evidence. *Burnett*, 220 F.3d at 119–20.

Accordingly, the Court remands for a more thorough explanation of why Plaintiff's conditions—either alone or in combination with one another—do or do not constitute a severe impairment. In light of remand, the Court does not substantively address Plaintiff's argument with respect to the ALJ's severity determination. On remand, the ALJ shall explain her finding at step two, including an analysis of whether and why Plaintiff's emphysema and Langerhans histiocytosis, either alone or in combination with her other medically determinable impairments,

are or are not severe. The ALJ may allow for the submission of additional evidence if she deems it necessary in her discretion. *See Cotter*, 642 F.2d at 707.

## V. CONCLUSION

For the foregoing reasons, the Court **VACATES** the decision of the Commissioner and **REMANDS** this matter for further proceedings in accordance with this Opinion. In doing so, the Court does not make an ultimate finding as to the presence, or not, of a disability. An appropriate Order accompanies this Opinion.

*Esther Salas*
**Dated:** November 22, 2022                                          **Hon. Esther Salas, U.S.D.J.**